UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 10-01176 CAS | Date | March 7, 2011 |
|---|---|---|---|
| Title | IN RE: HELENE GEORGE CANTARTZOGLOU | | |
| | Bankruptcy No. 6:10-bk-20338-DS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Steven Kop | | Michael Withem |

**Proceedings:**   **APPEAL FROM BANKRUPTCY COURT (filed 8/6/10)**

## I.   INTRODUCTION

On April 8, 2010, appellant Helene George Cantartzoglou ("Cantartzoglou") filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Central District of California. On June 30, 2010, Bankruptcy Judge Deborah J. Saltzman heard appellee U.S. Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT 2006-AR4 Trust's ("US Bank") motion for relief from stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). On July 13, 2010, the bankruptcy court entered judgment in favor of U.S. Bank.[1] On August 4, 2010, Cantartzoglou filed a notice of appeal and elected to have her appeal heard by the District Court.

On October 12, 2010, appellant filed her opening brief in this matter. On October 26, 2010, U.S. Bank filed its response. On November 9, 2010, appellant filed a reply brief in support of her initial brief. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8013 provides:
> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment,

---

[1] A corrected judgment order was entered by U.S. Bank on July 22, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 10-01176 CAS | Date | March 7, 2011 |
|---|---|---|---|
| Title | IN RE: HELENE GEORGE CANTARTZOGLOU | | |

order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

U.S.C. Bankr. R. 8013. A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States. v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Questions of law are reviewed de novo. In re Luna, 122 B.R. 575, 576 (9th Cir. BAP 1991). A bankruptcy judge has discretion to grant or deny a secured creditor relief from the automatic stay, but a judge's decision may be reversed when it is "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." In re Conejo Enters., 96 F. 3d 346, 351 (9th Cir. 1996).

## III. DISCUSSION

Appellant argues that the bankruptcy court erred in granting relief from the automatic stay requested by appellee because appellee did not first adequately demonstrate that it had standing to bring the motion as a party in interest. Appellant's Brief at 12. Specifically, appellant argues that the bankruptcy court, as evidenced by the tentative order issued in the case, based its decision on the incorrect assumption that judgment had already been entered in U.S. Bank's favor in a state court unlawful detainer action. Id. Moreover, appellant argues, irregularities in the chain of title raise significant questions as to the validity of U.S. Bank's interest in the property through which it might be party in interest to the matter. Id. at 13. "The facts offered by the Appellee's motion for relief from stay do not show that the Appellee obtained any interest in the property or how they obtained it. They do not show a chain of title evidencing how legal interest was properly assigned to them from Alliance Bancorp. They do not show how they perfected the legal interest in the property. There is no evidence or allegation to explain how the same trustee for the deed of trust made a mistake in granting the deed to a different party before recognizing three months later it was someone else. They do not explain how the change of parties three months after the 'foreclosure' satisfies the notice requirements of California Civil Code § 2924 et seq." Id. at 13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 10-01176 CAS | Date | March 7, 2011 |
|---|---|---|---|
| Title | IN RE: HELENE GEORGE CANTARTZOGLOU | | |

In opposition, U.S. Bank argues that it properly demonstrated standing to seek the relief requested. Appellee's Brief at 2. Specifically, U.S. Bank asserts that it attached a Trustee's Deed Upon Sale, indicating that as a result of default by appellant, the property in question was sold "at a foreclosure sale on September 17, 2009. The amount paid by the Grantee U.S. BANK, National Association was $161,500.00. The amount of unpaid debt, with costs at the time of the foreclosure sale was $397,355.66." Id. at 3,5. Having demonstrated its interest in the matter through the Trustee's Deed, appellee argues, the bankruptcy court properly found standing and granted relief from the stay, and properly disregarded other arguments made by appellant. "Issues and defenses surrounding the validity of the underlying security do not directly relate to the lifting of the stay, and accordingly they are not issues that are before the bankruptcy court in a contested proceeding in which a creditor moves from [sic] relief from the stay," unless the defenses "directly involve the question of the debtor's equity." Id. at 7.

In reply, appellant argues that to the extent the bankruptcy court relied on the deed referred to in appellee's brief to determine that appellee was the real party in interest, it erred. Reply at 11. "The real party in interest in a relief from stay is the party with right to enforce the obligation sought to be enforced under applicable substantive law. Appellant has already shown repeatedly . . . that there is simply nothing in the record addressing the disputed facts that the Appellee is not the real party in interest." Id. "The Bankruptcy Court failed to establish any evidence or authenticity of the Appellee's claims such as its 'Trustee's Deed Upon Sale of December 28, 2009' especially when rebutted with an earlier Trustee's Deed Upon Sale recorded on or about September 25, 2009 to another party." Id. at 10.

The Court concludes that the Bankruptcy Court did not abuse its discretion in granting relief from the stay in favor of appellee U.S. Bank in reliance on the deed presented in support of its position as a real party in interest. The irregularities raised by appellant are more properly considered by a state court in the determination of an unlawful detainer action.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 10-01176 CAS | Date | March 7, 2011 |
|---|---|---|---|
| Title | IN RE: HELENE GEORGE CANTARTZOGLOU | | |

## IV. CONCLUSION

In light of the foregoing, the Court hereby AFFIRMS the bankruptcy court's decision on appellee's motion for relief from stay.

IT IS SO ORDERED.

00 : 02

Initials of Preparer    CMJ